UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA ELLIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHECKMATE STAFFING, INC. dba CHECKMATE, CHECKMATE STAFFING, and CHECKMATE STAFFING SOLUTIONS; CHECKMATE STAFFING NATIONAL, INC., dba CHECKMATE, CHECKMATE STAFFING, and CHECKMATE STAFFING SOLUTIONS; CHECKMATE STAFFING WEST, INC., dba CHECKMATE, CHECKMATE STAFFING, and CHECKMATE STAFFING SOLUTIONS; CHECKMATE STAFFING EAST, INC., dba CHECKMATE, CHECKMATE STAFFING, and CHECKMATE STAFFING SOLUTIONS; STAFFAIDE, INC., dba CHECKMATE, CHECKMATE STAFFING, AND CHECKMATE STAFFING SOLUTIONS, LOU E. PEREZ, individually and collectively doing business as CHECKMATE STAFFING NATIONAL, INC., dba CHECKMATE STAFFING WEST, INC., CHECKMATE STAFFING EAST, INC., CHECKMATE STAFFING INC., STAFFAIDE, INC., CHECKMATE, CHECKMATE STAFFING, and CHECKMATE STAFFING SOLUTIONS,<br><br>　　　　Defendants. | No.  2:02-cv-00129 JAM-CKD<br><br>**ORDER DISMISSING ALL CLAIMS FOR FAILURE TO PROSECUTE** |

1

This case arises from discrimination allegedly suffered by Plaintiff Sheila Ellis ("Plaintiff") during her short-lived employment with Checkmate Staffing and Lou Perez (collectively, "Defendants"). Originally filed in January 2002, the case has been dormant for most of the past decade. For the reasons stated below, the Court dismisses this action for failure to prosecute.

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff worked for Defendant for a single month in 2001. In 2002, she filed suit claiming that her employer discriminated against her by preferring Hispanic workers to Caucasians like Plaintiff. See Doc. #64. The case proceeded to denial of summary judgment in 2003. See Doc. #95. Soon thereafter, all "Checkmate Staffing" Defendants entered bankruptcy and a stay issued. See Doc. #99. The Court noted that "[t]he parties agree that the claims against [Defendant] Perez are subject to the automatic stay[,]" and ordered that "[o]nce the stay is lifted, a document shall be filed notifying this Court within ten days." Doc. #100.

The bankruptcy case finally resolved in 2008 and the bankruptcy court issued a Notice of Dismissal. Defendants' Response (Doc. #119) Exh. A. But this case progressed no further.

In October 2014, the Court issued an order to show cause why the matter should not be dismissed for lack of prosecution. See Doc. #113. The parties responded in writing and the Court ordered a hearing on the matter. See Doc. ##114-117.

///

At the January 14, 2015 hearing, Plaintiff's attorney failed to appear. Instead, a different lawyer made a special appearance, representing that she worked with a third lawyer who was at that time in trial in a different matter with Plaintiff's counsel. The Court cautioned the parties that it was inclined to dismiss the case for lack of prosecution based on the protracted history of the case and the written responses to the order to show cause. But the Court gave the parties one final chance to respond, ordering the parties to submit "briefing of no more than 10 pages due on or before 1/21/2015 relative to the Court's ability to dismiss this action for lack of prosecution." Doc. #118.

Defendants complied with the Court's order by filing briefing arguing that the Court should dismiss the action. See Doc. #119. Plaintiff filed nothing.

## II.   OPINION

### A.   Legal Standard

A court may dismiss an action if "the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); Hernandez v. City of El Monte, 138 F.3d 393, 400 (9th Cir. 1998). The court weighs five factors to determine if dismissal is warranted: "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994)

1  (citations omitted).
2      B.    Discussion
3           1.    Expeditious Resolution of Litigation
4      This factor always weighs in favor of dismissal.
5  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002)
6  (citation omitted).  It is especially strong here where
7  Plaintiff's case has been inactive for over a decade.
8           2.    Docket Management
9      This district has one of the busiest dockets in the
10 country.  Mead v. Multi-Chem Grp., LLC, 2013 WL 6198940, at *2
11 (E.D. Cal. Nov. 27, 2013) (recommending dismissal for failure to
12 prosecute in part because "the Eastern District of California is
13 one of the busiest federal jurisdictions in the United States
14 and its District Judges carry the heaviest caseloads in the
15 nation").  The need to manage this Court's docket therefore
16 supports dismissal.
17          3.    Risk of Prejudice to Defendants
18     Delay alone creates a presumption of prejudice.  Nealey v.
19 Transportation Maritima Mexicana, S.A., 662 F.2d 1275, 1280 (9th
20 Cir. 1980).  But "where a plaintiff has come forth with an
21 excuse for his delay that is anything but frivolous, the burden
22 shifts to the defendant to show at least some actual prejudice.
23 Id.
24     Here, Plaintiff's only excuse – an excuse dating back to
25 2010 – is that her lawyer failed to realize the resolution of
26 bankruptcy and other related litigation due to an "oversight."
27 See Plaintiff's July 2010 Response to Order to Show Cause (Doc.
28 #114) ¶ 10; see also id. ("I[,] [Plaintiff's attorney,] should

4

1  have been more proactive in following up . . . ."). This excuse
2  is insufficient. See In re Eisen, 31 F.3d at 1451-52 (declining
3  to credit plaintiff's excuse for delay that he had "insufficient
4  funds to proceed with discovery" and his attorney was "unable or
5  unwilling to advance the costs of such discovery"). By failing
6  to comply with the Court's January 14, 2015 order to submit
7  briefing, Plaintiff has declined to offer any further excuse.

8      Even if Plaintiff's excuse were valid, Defendants have
9  demonstrated actual prejudice by loss of evidence. See
10 Defendants' Response at 3. In particular, the relevant events
11 in this action took place over thirteen years ago, so witnesses'
12 memories have faded. "Many, if not most [] witnesses were never
13 deposed." Id. at 3:27. Defendants have been out of business
14 for years so they do not "have control of [their] former
15 employees" – many of whom appear on the parties' witness lists,
16 see id. Exh. B at 8-10 – "who could be anywhere." Id. at 3:24-
17 25. This factor therefore favors dismissal.

18     4.   Public Policy Favoring Resolution on the Merits
19    In assessing this factor, the Court may consider
20 Plaintiff's showing, if any, that the case is "likely to be
21 resolved in [her] favor." In re Eisen, 31 F.3d at 1454. Here,
22 Plaintiff has declined to make any such showing by failing to
23 submit briefing. Therefore, despite the general policy favoring
24 resolution on the merits, this factor does not weigh heavily in
25 this case.

26     5.   Availability of Less Drastic Sanctions
27    The Court has repeatedly warned the parties of the
28 possibility of dismissal for failure to prosecute. The Court can

envision no less drastic yet effective sanction after so many warnings and so much unwarranted delay.  The parties have offered no suggestions, and Plaintiff has even failed to comply with the Court's order to submit briefing on the matter.  See <u>Valencia v. Sharp Electronics Corp.</u>, 561 F. App'x 591, 595 (9th Cir. Mar. 6, 2014) ("[G]iven the complete failure of Valencia's attorney to respond to the court's directions, there were no less drastic measures available.").  This factor therefore tends towards dismissal.

### III.   ORDER

Because the above described five factors favor dismissal, the Court dismisses this action with prejudice due to Plaintiff's failure to diligently prosecute.  The Court directs the clerk to close this action.

IT IS SO ORDERED.

Dated: January 23, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE